REESE RICHMAN LLP
Michael R. Reese (SBN 206773)
mreese@reeserichman.com
875 Avenue of the Americas, 18th Floor
New York, New York, 10001
Telephone:  (212) 643-0500
Facsimile:   (212) 253-4272

Attorneys for Plaintiff Mee Yong Lim,
on behalf of herself and all others similarly situated

HUNTON & WILLIAMS LLP
Belynda Reck (SBN 163561)
breck@hunton.com
Diana F. Biason (SBN 247274)
dbiason@hunton.com
Julieta Stepanyan (SBN 280691)
550 South Hope Street, Suite 2000
Los Angeles, California  90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant,
ZEP INC.

IT IS SO ORDERED

*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEE YONG LIM, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ZEP INC.,<br><br>        Defendant. | CASE NO.  CV-12-00601 JW<br><br>**CLASS ACTION**<br><br>[Hon. James Ware]<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  To expedite the flow of discovery material, facilitate the prompt resolution of

2  disputes over the confidentiality of information, adequately protect material entitled to

3  be kept confidential, and ensure that protection is afforded only to material so entitled,

4  Plaintiff Mee Yong Lim ("Plaintiff") and Defendant Zep Inc. ("Defendant")

5  (collectively referred to herein as "the Parties") by and through their respective

6  counsel, hereby stipulate as follows:

7  **1.   PURPOSES AND LIMITATIONS**

8  Disclosure and discovery activity in this action are likely to involve production

9  of confidential, proprietary, or private information for which special protection from

10  public disclosure and from use for any purpose other than prosecuting this litigation

11  may be warranted. Accordingly, the parties hereby stipulate to and petition the court

12  to enter the following Stipulated Protective Order. The parties acknowledge that this

13  Order does not confer blanket protections on all disclosures or responses to discovery

14  and that the protection it affords from public disclosure and use extends only to the

15  limited information or items that are entitled to confidential treatment under the

16  applicable legal principles. The Parties further acknowledge, as set forth in Section 12,

17  below, that this Stipulated Protective Order does not entitle them to file confidential

18  information under seal; Civil Local Rule 79-5 and General Order 62 set forth the

19  procedures that must be followed and the standards that will be applied when a party

20  seeks permission from the Court to file material under seal.

21  **2.   DEFINITIONS**

22  2.1   <u>Party</u>.  Any party to this action, including, for corporate entities, all

23  officers, directors, employees, consultants, retained experts, and in-house counsel (and

24  their support staff).

25  2.2   <u>Disclosure or Discovery Material</u>.  All items or information, regardless

26  of the medium or manner generated, stored or maintained (including but not limited to

27

28

1

STIPULATED PROTECTIVE ORDER
CASE NO. CV-12-00601 JW

testimony, transcripts, electronically stored information, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>CONFIDENTIAL Information or Items</u>.  Information (regardless of how generated, stored or maintained) and/or tangible things:

(a)    that is a "trade secret" as that term is defined in 18 U.S.C. § 1839 and/or Cal. Civ. Code §3426.1;

(b)    Confidential and proprietary business and/or financial information;

(c)    Information alleged in good faith by a Party to be subject to protection under the Federal Rules of Evidence, applicable California law and/or Federal law, and/or information that is confidential, of commercial value, and falling into one or more of the following categories:

(i)    Financial details regarding Defendant's internal business operations which have never been publicly disclosed, including, but not limited to accounting records, pricing records, and sales records, analyses, and reports;

(ii)    Sensitive proprietary competitive business information of Defendant's, which has never been publicly disclosed, including, but not limited to customer information, product ingredient information, product research and development information, market research and analyses, marketing and advertising information and confidential third-party agreements; and

(iii)    Information that is protected against disclosure by a written confidential information agreement between a third party and Plaintiff or Defendant.

2.4    <u>HIGHLY CONFIDENTIAL – Attorneys' Eyes Only Information</u>. Information (regardless of how generated, stored or maintained) and/or tangible things that are extremely sensitive "CONFIDENTIAL Information or Items" disclosure of which to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

STIPULATED PROTECTIVE ORDER
CASE NO. CV-12-00601 JW

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2.5 <u>Designating Party</u>. A Party or non-party that designates information or items produced in any Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."

2.6 <u>Receiving Party</u>. A Party that receives any Disclosure or Discovery Material from a Designating Party.

2.7 <u>Protected Material</u>. Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."

2.8 <u>Outside Counsel</u>. Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (and their support staff).

2.9 <u>In-House Counsel</u>. Attorneys who are employees of a Party (and their support staff).

2.10 <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

2.9 <u>Expert</u>. A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.10 <u>Professional Vendors</u>. Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; and/or organizing, storing, retrieving and processing data in any form or medium) and their employees and subcontractors.

3. **<u>SCOPE</u>**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony,

3

conversations, or presentations by parties or counsel to or in court or in other settings that would reveal Protected Material.

**4.** **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must designate for protection only those parts of Disclosure or Discovery Material, so that other portions of Disclosure or Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that that Party designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the improper designation. The Designating Party shall then provide within 7 days to the Receiving Party a set of documents that bear the proper designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

(a)     For Disclosure or Discovery Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only").

A Party or non-party that makes original Disclosure or Discovery Material available for inspection need not designate them for protection until after the inspecting Party has indicated which Disclosure or Discovery Material it seeks to have copied and produced.  During the inspection and before the designation, all of the Disclosure or Discovery Material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."  After the inspecting Party has identified the Disclosure or Discovery Material it seeks to have copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Prior to producing the specified Disclosure or Discovery Material, the Designating Party must affix the appropriate legend (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only") on each page as set forth above.

(b)     For Disclosure or Discovery Material in the form of testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Any party may also designate testimony that is entitled to protection by notifying all Parties in writing within twenty (20) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" thereafter.  Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control.

(c)     For Disclosure or Discovery Material produced in some form other than documentary or testimony form, and for any other items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."  If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s) and affix the appropriate legend (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only").

5.3     <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  If any Disclosure or Discovery Material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.  The Designating Party shall provide within 7 days to the Receiving Party a new set of documents that bear the proper "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation that shall then replace the document that bore the improper designation.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must first meet and confer in good faith with counsel for the Designating Party.  In conferring, the Party challenging the designation must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Party challenging a designation may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation may file and serve a motion under the applicable Federal and Local Rules that identifies the challenged Disclosure or Discovery Material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph, consistent with the applicable Federal and Local Rules.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is designated by the Designating Party.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

7

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2   Disclosure of CONFIDENTIAL Information or Items.  Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following:

(a)   Counsel to whom disclosure is reasonably necessary for this litigation;

(b)   Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (attached as Exhibit A);

(c)   the Court and its personnel;

(d)   Court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation who have signed the "Agreement to Be Bound by Protective Order" (attached as Exhibit A);

(e)   During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that contain Protected Material must be separately bound by the court

1  reporter and may not be disclosed to anyone except as permitted under this Stipulated

2  Protective Order and

3      (f)   the author or custodian of the Protected Material.

4      7.3   <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information</u>

5  <u>or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the

6  Designating Party, a Receiving Party may disclose  Discovery Material designated

7  "Highly Confidential – Attorneys' Eyes Only" only to the following:

8      (a)   Outside Counsel of record in this action, as well as its employees to

9  whom it is reasonably necessary to disclose the information for this litigation;

10      (b)   In-House Counsel to whom disclosure is reasonably necessary for this

11  litigation and who sign the "Agreement to Be Bound by Protective Order" (attached as

12  Exhibit A);

13      (c)   Experts (as defined in this Protective Order) of the Receiving Party to

14  whom disclosure is reasonably necessary for this litigation and who have signed the

15  "Agreement to Be Bound by Protective Order" (attached as Exhibit A);

16      (d)   The Court and its personnel;

17      (e)   Court reporters and their staff and Professional Vendors to whom

18  disclosure is reasonably necessary for this litigation and who have signed the

19  "Agreement to Be Bound by Protective Order" (attached as Exhibit A);

20      (f)   During their depositions, witnesses in the action to whom disclosure is

21  reasonably necessary and who have signed the "Acknowledgment and Agreement to

22  Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to

23  depositions that contain Protected Material must be separately bound by the court

24  reporter and may not be disclosed to anyone except as permitted under this Stipulated

25  Protective Order.

26      (g)   The author or custodian of the Protected Material.

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

9

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" the Receiving Party must:

(a)   promptly notify in writing the Designating Party, and in no event no more than five (5) court days after receiving the subpoena or Court order.  Such notification must include a copy of the subpoena or Court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Receiving Party served with the subpoena or Court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)   The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" or "HIGHLY

10

1    CONFIDENTIAL – Attorneys' Eyes Only."  Such information produced by non-

2    parties in connection with this litigation is protected by the remedies and relief

3    provided by this Protective Order. Nothing in these provisions should be construed as

4    prohibiting a non-party from seeking additional protections.

5         (b)    In the event that a Party is required, by a valid discovery request, to

6    produce a non-party's confidential information in its possession, and the Party is

7    subject to an agreement with the non-party not to produce the non-party's confidential

8    information, then the Party shall:

9            (1)    promptly notify in writing the Requesting Party and the non-party

10   that some or all of the information requested is subject to a confidentiality agreement

11   with a non-party;

12           (2)    promptly provide the non-party with a copy of the Protective Order

13   in this litigation, the relevant discovery request(s), and a reasonably specific

14   description of the information requested; and

15           (3)    make the information requested available for inspection by the

16   non-party.

17        (c)    If the non-party fails to object or seek a protective order from this Court

18   within 14 days of receiving the notice and accompanying information, the Receiving

19   Party may produce the non-party's confidential information responsive to the

20   discovery request. If the non-party timely seeks a protective order, the Receiving Party

21   shall not produce any information in its possession or control that is subject to the

22   confidentiality agreement with the non-party before a determination by the Court.[1]

23   Absent a court order to the contrary, the Non-Party shall bear the burden and expense

24   of seeking protection in this court of its Protected Material.

25   _____

26   [1] The purpose of this provision is to alert the interested parties to the existence of
     confidentiality rights of a non-party and to afford the non-party an opportunity to

27   protect its confidentiality interests in this Court.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

---

11

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Inadvertent production of any document or information that a Party later claims should not have been produced because of privilege, including but not limited to attorney-client or work product privilege ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege.  A Party may request the return of any Inadvertently Produced Privileged Document.  A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. Without disclosing any privileged or protected material, the basis shall provide enough information to allow the Receiving Party to evaluate the claim of privilege, which at a minimum  includes the author(s) and recipient(s); whether any of the author(s) or recipient(s) are attorneys, and, if so, identify that person(s) as counsel and by name; the date of the document; and a general description of the document.  If a Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another Party, the possessing Party shall within three (3) days return to the requesting Party the Inadvertently Produced Privileged Document and all copies thereof and shall not make use of such documents

STIPULATED PROTECTIVE ORDER

CASE NO. CV-12-00601 JW

or information in this litigation or otherwise.  The Party returning such material may then move the Court for an order compelling production or information, but said Party shall not assert as a grounds for entering such an order the fact or circumstances of the inadvertent production.

## 12.  **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the Court, then a Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

## 13.  **MISCELLANEOUS**

13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

13

**14.**   **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Designating Party, after final termination of this litigation, including any appeals, if a Designating Party requests in writing the return or destruction of any or all of its Protected Material to the Receiving Party, within thirty (30) days of such a request, the Receiving Party must submit a written certification, under penalty of perjury, to the Designating Party that all Protected Material was returned or destroyed, including any copies, abstracts, compilations, summaries or other forms of reproducing or capturing of the Protected Material.  Notwithstanding this provision, Outside Counsel may retain an archival set of copies of Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.


**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.


DATED:  August 6, 2012                    HUNTON & WILLIAMS LLP


By:  /s/ Belynda B. Reck
            Belynda Reck
            Attorney for Defendant
            ZEP INC.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DATED:  August 6, 2012                    REESE RICHMAN LLP


                                          By: /s/ Michael R. Reese
                                                Michael R. Reese
                                                Attorney for Plaintiff Mee Yong Lim
                                                and Proposed Class

*Filer attests that concurrence in the filing has been obtained from Mr. Reese.


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED:  August 7, 2012

                                          Honorable James Ware
                                          United States District Court Chief Judge

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

15

STIPULATED PROTECTIVE ORDER

CASE NO. CV-12-00601 JW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**Exhibit A**

Agreement to be Bound By Protective Order

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Lim v. Zep Inc.*, N.D. Cal. Case No. 12-CV-00601 (JW), and hereby agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further order of the Parties or this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Signature: _____

Printed Name: _____

Dated: _____

STIPULATED PROTECTIVE ORDER
CASE NO. CV-12-00601 JW